# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 02: 08-cr-0365-02 |
| | ) | 02: 08-cr-0365-16 |
| JAMILL DENSON and | ) | |
| ROBERT RALPH KORBE | ) | |

## MEMORANDUM OPINION AND ORDER OF COURT

Presently before the Court is the issue of whether the dual representation by William H. Difenderfer, Esquire, of Defendants Jamill Denson and Robert Ralph Korbe creates a conflict of interest or a serious potential for a conflict. On January 30, 2009, the Court held a hearing on the propriety of such representation and the issue is now ripe for disposition. For the reasons that follow, the Court finds that at this time there is no actual or serious potential for conflict of interest with the dual representation by William H. Difenderfer, Esquire.

## Background

Jamill Denson and Robert Ralph Korbe are two of thirty-five individuals named as defendants in a twenty-seven count Superseding Indictment returned by a Grand Jury under seal on November 12, 2008. Mr. Denson is charged with cocaine-related crimes in two counts of the Superseding Indictment and Mr. Korbe is charged with cocaine-related crimes in three counts. Both of these individuals, along with thirty other defendants, are charged in Count One of the Superseding Indictment with the crime of conspiracy to distribute and possess with the intent to distribute five (5) kilograms or more of cocaine, and fifty (50) grams or more of cocaine base in the form of crack.

On September 23, 2008, Attorney William H. Difenderfer entered his appearance on behalf of Mr. Denson. On December 10, 2008, Attorney Difenderfer entered his appearance, joining with Attorney Sumner L. Parker, on behalf of Defendant Robert Ralph Korbe. Along with other defendants, both Mr. Denson and Mr. Korbe have entered pleas of not guilty.

Given the requirement of Federal Rule of Criminal Procedure 44(c)[1] that the Court "promptly inquire about the propriety of joint representation," the Court conducted a hearing on on January 30, 2009, to determine whether an actual or serious potential for conflict of interest exists with the continued dual representation of Jamill Denson and Robert Ralphe Korbe by Attorney Difenderfer.

**Standard of Review**

The Court of Appeals for the Third Circuit has made clear that "[t]he Sixth Amendment guarantee of effective assistance of counsel includes two correlative rights, the right to adequate representation by an attorney of reasonable competence and the right to the attorney's undivided loyalty free of conflict of interest." *United States v. Moscony,* 927 F.2d 742, 748 (3d Cir. 1991). "However, another right is derived from the right to effective assistance of counsel, for the 'the right to counsel being conceded, a defendant should be

---

[1] Federal Rule of Criminal Procedure 44(c) provides, in pertinent part, as follows:

> The court must promptly inquire about the propriety
> of joint representation and must personally advise
> each defendant of the right to the effective assistance
> of counsel, including separate representation. Unless
> there is good cause to believe that no conflict of
> interest is likely to arise, the court must take
> appropriate measures to protect each defendant's
> right to counsel.

2

afforded a fair opportunity to secure counsel of his own choice.' " *Moscony*, 927 F.2d at 748 (*citing Powell v. Alabama*, 287 U.S. 45, 53 (1932)). "Thus a presumptive right to counsel of one's choice has been recognized as arising out of the Sixth Amendment." *Moscony,* 927 F.2d at 748 (*citing Wheat v. United States*, 486 U.S. 153, 159 (1988)). However, this presumption is only that, and may be overcome "not only by a demonstration of actual conflict but by a showing of serious potential for conflict." *Wheat*, 486 U.S. at 164; *Moscony,* 927 F.2d at 750. Determining whether such a conflict exists under this standard "must be left primarily to the informed judgment of the trial court." *Wheat,* 486 U.S. at 164. However, as noted by our appellate court this "is no simple task . . . [t]he likelihood and dimensions of nascent conflicts of interest are notoriously hard to predict, even for those thoroughly familiar with criminal trials." *United States v. Voight*, 89 F.3d 1050, 1076 n. 12 (3d Cir. 1996) (*citing Wheat*, 486 U.S. at 162-63).

"The district court's power to disqualify an attorney derives from its inherent authority to supervise the professional conduct of attorneys appearing before it." *United States v. Miller*, 624 F.2d 1198, 1201 (3d Cir. 1980). The United States Supreme Court has held, "Federal courts have an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them." Thus, the district court may override a defendant's waiver of his attorney's conflict of interest. *Wheat,* 486 U.S. at 160.

**Discussion**

At the outset, the Court must determine whether an actual or serious potential conflict of interest exists. *Wheat,* 486 U.S. at 161. If an actual or serious potential conflict of interest is found to exist, the Court must then determine whether that conflict can be waived. *Id*. at 162. If waiver is not possible, the attorney must be disqualified.

In general, Pennsylvania Rule of Professional Conduct 1.7 allows for a waiver of a potential conflict of interest where "each affected client gives informed consent." However, in cases of very serious or irreconcilable conflicts, the conflict may not be waivable.

There is no dispute that Attorney Difenderfer represents both Jamill Denson and Robert Ralph Korbe in this case. Attorney Difenderfer has represented to the Court, however, that it is his strong belief that there is no actual or serious potential for conflict in his continued representation of these two clients. Defense counsel, who "knows the intricacies of this case far better than the court, has stated that the representation of [neither] of his clients will be adversely affected." *Kaiser v. Stewart,* No. 96-6643, 1997 WL 186329, at *3 (E. D. Pa. Apr. 10, 1997).

Furthermore, each defendant has stated in open court that he wishes to proceed with his representation by Attorney Difenderfer, has averred that he is cognizant of the potential for serious conflict, and has given written "informed consent" to the continued dual representation.

Under these circumstances, the Court finds that, at this time, there is no actual conflict of interest or serious potential conflict. To the extent that there is any such conflict, both defendant Jamill Denson and defendant Robert Ralph Korbe, have knowingly, intelligently and voluntarily waived the same, which waiver the Court accepts.

## Conclusion

While cognizant that "[c]onflicts of interest arise whenever an attorney's loyalties are divided," *see Moscony*, 927 F.2d at 750, the Court does not find, at this time, any actual or serious potential conflict that overcomes the presumption that a defendant is entitled to counsel of his choice, as to either defendant Jamill Denson or defendant Robert Ralph Korbe. If, however, at any time in the future, either defendant Jamill Denson or Robert Ralph Korbe feels he is not receiving the independent professional judgment of his attorney or that it has been interfered with, or that he himself cannot act independently, he may petition the court for a change of counsel.

If the Court perceives that either Defendant is not receiving the independent professional judgment of his attorney or that it has been interfered with, or that the defendants cannot act independently, the Court may revisit this issue.

An appropriate Order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | 02: 08-cr-0365-02 |
| ) | 02: 08-cr-0365-16 |
| JAMILL DENSON and ) | |
| ROBERT RALPH KORBE ) | |

## ORDER OF COURT

**AND NOW**, this 4th day of February, 2009, in accordance with the foregoing Memorandum Opinion, the Court hereby rules as follows:

1. The Court finds that at this time there is no actual conflict of interest or serious potential for conflict with reference to the dual representation by William H. Difenderfer, Esquire, of Defendants Jamill Denson and Robert Ralph Korbe.

2. The Court finds that, to the extent that there is any such conflict, both defendant Jamill Denson and defendant Robert Ralph Korbe, have knowingly, intelligently and voluntarily waived the same, which waiver the Court accepts.

3. This Order is without prejudice to the right of defendant Jamill Denson or defendant Robert Ralph Korbe to petition the court *pro se* for a change of counsel, if at any time they feel that they are not getting independent professional advice from Attorney Difenderfer or that it is being interfered with, or that either Defendant feels that he himself cannot act independently from any other defendant as a result of any of the circumstances set forth hereinabove.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc: Troy Rivetti,
Assistant U.S. Attorney
Troy.Rivetti@usdoj.gov

Craig W. Haller,
Assistant U.S. Attorney
craig.haller@usdoj.gov

William H. Difenderfer, Esquire
Difenderfer, Rothman & Haber
DifenderferRothmanHaber@yahoo.com