IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | 2: 08-cr-00365 |
| v. ) | 2: 12-cv- 0771 |
| ) | |
| JAMILL DENSON ) | |

## MEMORANDUM OPINION AND ORDER OF COURT

Now pending before the Court is the MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY (Document No. 1821) filed by Defendant Jamill Denson. The government has filed a response in opposition to the motion and it is ripe for disposition.

Factual and Procedural Background

On October 14, 2008, a federal grand jury returned a two-count indictment which charged Denson, Anthony Terry and Victor Nelson at Count 1 with conspiracy to distribute five kilograms or more of cocaine, and at Count 2 with attempt to possess with intent to distribute five kilograms or more of cocaine. On November 12, 2008 the government filed a 27-count superseding indictment which named a total of thirty-five (35) Defendants. Denson was charged at Count 1 of the superseding indictment with conspiracy to distribute five kilograms or more of cocaine and 50 grams or more of crack cocaine, and at Count 26 with attempt to possess with intent to distribute five kilograms or more of cocaine.

On August 18, 2010, the Court held an evidentiary hearing on a motion to suppress evidence seized from a home owned by Denson at 817 Estella Avenue, Pittsburgh, Pennsylvania.

The Court denied the suppression motion by Order dated October 7, 2010. On November 16, 2010, Defendant Jamill Denson appeared with counsel and informed the Court that he and the government had entered into a plea agreement. Of particular relevance to the pending § 2255 motion, the Court notes that: at ¶ A(6) of the plea agreement, Denson waived "the right to file a motion to vacate sentence, under 28 U.S.C. § 2255, attacking his conviction or sentence, and the right to file any other collateral proceeding attacking his conviction or sentence"; and at ¶ C(2), the parties stipulated to the type and quantity of controlled substance attributable to Denson. After a lengthy colloquy (*see* Transcript), Denson entered a plea of guilty to a lesser, included offense in Count 1 of the superseding indictment, namely, conspiracy to distribute and possess with the intent to distribute more than 15.0 kilograms but less than 50.0 kilograms of cocaine, in violation of 21 U.S.C. § 846.

A 120-month statutory mandatory minimum sentence was also applicable to Denson, based on the stipulated drug quantity. A Presentence Investigation Report ("PSI") was prepared by the probation office. But for an update to reflect that Denson obtained his G.E.D. degree, Denson and his attorney agreed that the PSI was factually correct, but objected to a sentencing enhancement for possession of a firearm which was seized during the search of the 817 Estella Avenue home. Possession of the firearm, in turn, precluded Denson from qualifying for the "Safety Valve," which may have resulted in a lower sentence. The Court denied these objections. On April 5, 2011, Denson was sentenced to a term of imprisonment of 135 months, which was the low end of the advisory guideline range as calculated in the PSI. During the sentencing colloquy Denson was asked whether he was "in any way dissatisfied with the service, advice or representation provided by [attorney Thomas] Brown in this matter." Transcript at 22. Denson responded: "No, sir, Your Honor." *Id*. A Judgment of Conviction Order was entered

the same day. Denson did not file a direct appeal.[1]

Denson signed the instant § 2255 motion on June 5, 2012 and the motion was filed on June 8, 2012. Paragraph 18 of the § 2255 form provides an opportunity for a movant to explain "why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion." Denson responded that "the timeliness of motion is not an issue." Denson then explained that there are multiple reasons to negate his waiver of his right to file a collateral attack on his conviction or sentence.

In support of his motion, Denson submitted a 48-page Memorandum of Law. Primarily, Denson contends that his plea was not voluntary because he allegedly received ineffective assistance of counsel during the plea bargaining process. Denson argues that the prosecutor used trickery and deception in presenting a totally unexpected plea agreement on the drug conspiracy charge which Denson regarded as a threat. Denson also accuses his attorney of providing poor advice and being unwilling to go to trial in this complex case with 35 co-defendants, many of whom were also negotiating plea agreements with the government. Denson contends, among other things, that his attorney did not explain the elements of the conspiracy charge; did not protect his appeal rights; misled him as to the quantity of cocaine (Denson thought the low end of the stipulated drug quantity range would be 5.0 kilograms as opposed to 15.0 kilograms); and did not address the "gun issue" (i.e., the firearm that had been seized during the search at 817 Estella Avenue), all of which resulted in an unfavorable plea deal. Denson also appears to contend that "despite his plea agreement stipulating an agreed to sentence," the Court, in violation of Fed. R. Crim. P. 11(b), failed to properly advise him that probation was not a sentencing option and that the Court was obligated to determine a guideline range, possible

---

[1] Denson believes that he was "ill-advised by counsel not to proceed" with a direct appeal.

departures and other sentencing options. In summary, Denson contends that he "copped a plea involuntarily to save himself from the possibility of an additional 30 years imprisonment."

Legal Analysis

Denson seeks relief due to "Fifth and Sixth Amendment denials of due process based on ineffective legal assistance and prosecutorial misconduct as directly applicable to the plea agreement process." In opposing Denson's motion, the government contends that: (1) his claim is barred by the one-year statutory limitations period set forth in 28 U.S.C. § 2255(f)(1); (2) Denson waived his right to file a § 2255 motion in the plea agreement; and (3) his claims are without merit because his attorney was not ineffective, the prosecutor did not engage in misconduct and the Court provided proper notice of his constitutional rights in accordance with Fed. R. Crim. P. 11(b). The government has submitted transcripts of the plea colloquy and sentencing hearings, a copy of the plea agreement, and an affidavit from attorney Thomas Brown.[2]

The Court concludes that Denson's motion is untimely. The applicable statute, 28 U.S.C. § 2255(f), provides as follows:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

---

[2] Brown was the second attorney to represent Denson in this case. Brown entered his appearance in the fall of 2009 and represented Denson at all relevant times, including the suppression motion, plea negotiations and sentencing.

4

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

In this case, the latest event was the date that Denson's Judgment of Conviction became final.[3] The Judgment of Conviction of Denson was filed on April 5, 2011. If no direct appeal is filed by the Defendant, the Judgment of Conviction becomes final after fourteen (days), the "date on which the time for filing such an appeal expired." *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999); Fed. R. App. P. 4(b)(1)(A)(i). In this case, Denson was required to file a direct appeal on or before April 19, 2011. Thus, pursuant to the statutory language, Denson was required to file his § 2255 motion no later than April 19, 2012.

Denson signed his § 2255 motion on June 5, 2012 and it was received by the Court on June 8, 2012. Thus, it was untimely. The one-year deadline mandated by the statute had expired almost two months earlier.

In accordance with the foregoing, the motion must be **DENIED** as a matter of law. The Court notes that it has re-reviewed the plea agreement, and the transcripts of the plea and sentencing hearings, and is satisfied that Denson entered a knowing and voluntary plea of guilty in this case and has not established any grounds to vacate, set aside or correct his sentence.

McVerry, J.

---

[3] Subsections (2)-(4) are not applicable. Denson has not identified any impediment to making the motion earlier; has not identified a right newly recognized by the Supreme Court; and the alleged misconduct occurred during the plea negotiation process, and thus was known to Denson prior to his plea and sentence.

5

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | 2: 08-cr-00365 |
| v. | ) | 2: 12-cv- 0771 |
| | ) | |
| **JAMILL DENSON** | ) | |

## ORDER OF COURT

AND NOW this 8th day of November, 2012, in accordance with the foregoing Memorandum Opinion, it is hereby ORDERED, ADJUDGED and DECREED that the MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY (Document No. 1821) filed by Defendant Jamill Denson is **DENIED**. Civil Action No. 12-771 shall be docketed closed.

BY THE COURT;

s/ Terrence F. McVerry
United States District Judge

cc:
    Jonathan B. Ortiz, AUSA

    Jamill Denson
    #30108-068
    USP- Hazelton – Camp
    P.O. Box 2000
    Bruceton Mills, WV 26525
     (By First Class Mail)