**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| ) | **2: 08-cr-00365** |
| **v.** ) | **2: 12-cv- 0771** |
| ) | |
| **JAMILL DENSON** ) | |

## MEMORANDUM ORDER

Now pending before the Court is the MOTION FOR RECONSIDERATION OF COURT'S ERRONEOUS DECISION OF DENIAL TO 28 U.S.C. § 2255 (Document No. 1883) filed by Defendant Jamill Denson. The government has filed a response in opposition to the motion and it is ripe for disposition.

The factual and procedural history of this case was set forth in detail in the Memorandum Opinion of November 8, 2012 and need not be restated here. After a lengthy colloquy, Denson pled guilty to a lesser included offense in Count 1 of the superseding indictment, specifically, conspiracy to distribute and possess with the intent to distribute more than 15.0 kilograms but less than 50.0 kilograms of cocaine, in violation of 21 U.S.C. § 846. Prior thereto, Denson and the government had entered into a plea agreement which provided, inter alia, that: (1) Denson waived the right to file a motion to vacate sentence under 28 U.S.C. § 2255; and (2) stipulated to the type and quantity of controlled substance attributable to him. A 120-month statutory mandatory minimum sentence was applicable to Denson, based on the stipulated drug quantity.

On April 5, 2011, Denson was sentenced to a term of imprisonment of 135 months, which was the low end of the advisory guideline range as calculated in the PSI. A Judgment of

1

Conviction Order was entered that same day. Denson did not file a direct appeal.

Denson signed the underlying § 2255 motion on June 5, 2012 and the motion was filed on June 8, 2012. The Court denied the § 2255 motion as a matter of law because it was untimely, and explained that pursuant to the plain language of § 2255(f), Denson was required to file such motion no later than April 19, 2012.[1]

In the instant motion for reconsideration, Denson contends that the underlying § 2255 motion was timely pursuant to § 2255(f)(3) because he asserts rights "newly recognized by the Supreme Court" and "made retroactively applicable to cases on collateral review." In particular, Denson relies on the decisions of the United States Supreme Court in *Missouri v. Frye*, 132 S. Ct. 1399 (March 21, 2012), and *Lafler v. Cooper*, 132 S. Ct. 1376 (March 21, 2012). Denson argues that these decisions set new standards for the assistance of defense counsel during plea bargaining.

The Court does not agree. As an initial matter, *Frye* and *Lafler* do not apply to the facts and circumstances of this case. In the § 2255 motion, Denson acknowledged that he had entered into a plea agreement but contended that his plea was not voluntary because he allegedly received ineffective assistance of counsel during the plea bargaining process. *Frye*, by contrast, concerned a defense attorney's failure to convey a more-favorable plea deal to his client before the offer expired. *Lafler* involved a Defendant who <u>rejected</u> a plea deal based on the advice of counsel. As the Supreme Court explained in *Frye*:

> With respect to the right to effective counsel in plea negotiations, a proper beginning point is to discuss two cases from this Court considering the role of counsel in advising a client about a plea offer and an ensuing guilty plea: *Hill v.*

---

[1] The Court also noted that it had re-reviewed the plea agreement, and the transcripts of the plea and sentencing hearings, and was satisfied that Denson had entered a knowing and voluntary plea of guilty in this case and had not established any grounds to vacate, set aside or correct his sentence.

2

> *Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); and *Padilla v. Kentucky*, 559 U.S. ——, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010).
>
> *Hill* established that claims of ineffective assistance of counsel in the plea bargain context are governed by the two-part test set forth in *Strickland. See Hill, supra*, at 57, 106 S.Ct. 366. As noted above, in Frye's case, the Missouri Court of Appeals, applying the two part test of *Strickland*, determined first that defense counsel had been ineffective and second that there was resulting prejudice.
>
> In *Hill*, the decision turned on the second part of the *Strickland* test. There, a defendant who had entered a guilty plea claimed his counsel had misinformed him of the amount of time he would have to serve before he became eligible for parole. But the defendant had not alleged that, even if adequate advice and assistance had been given, he would have elected to plead not guilty and proceed to trial. Thus, the Court found that no prejudice from the inadequate advice had been shown or alleged. *Hill, supra*, at 60, 106 S.Ct. 366.
>
> In *Padilla*, the Court again discussed the duties of counsel in advising a client with respect to a plea offer that leads to a guilty plea. *Padilla* held that a guilty plea, based on a plea offer, should be set aside because counsel misinformed the defendant of the immigration consequences of the conviction. The Court made clear that "the negotiation of a plea bargain is a critical phase of litigation for purposes of the Sixth Amendment right to effective assistance of counsel." 559 U.S., at ——, 130 S.Ct., at 1486. It also rejected the argument made by petitioner in this case that a knowing and voluntary plea supersedes errors by defense counsel. Cf. Brief for Respondent in *Padilla v. Kentucky*, O.T. 2009, No. 08–651, p. 27 (arguing Sixth Amendment's assurance of effective assistance "does not extend to collateral aspects of the prosecution" because "knowledge of the consequences that are collateral to the guilty plea is not a prerequisite to the entry of a knowing and intelligent plea").
>
> In the case now before the Court the State, as petitioner, points out that the legal question presented is different from that in *Hill* and *Padilla*. In those cases the claim was that the prisoner's plea of guilty was invalid because counsel had provided incorrect advice pertinent to the plea.

*Id*. at 1405-06. In sum, it is clear that the gravamen of Denson's claim (i.e., that his attorney provided ineffective advice during the plea bargain process) is governed by *Hill* (decided in 1985) and *Padilla* (decided in 2010), rather than *Frye* and *Lafler*. Moreover, as the government points out in its response and the cases cited therein, Government Response at 7-8 & n. 2, *Frye* and *Lafler* do not create "new" rights, but merely apply existing standards to different factual

situations. Thus, Denson is unable to avoid the one-year statute of limitations period. The Court adheres to its decision that the § 2255 motion is untimely and must be denied.

In accordance with the foregoing, the MOTION FOR RECONSIDERATION OF COURT'S ERRONEOUS DECISION OF DENIAL TO 28 U.S.C. § 2255 (Document No. 1883) is **DENIED**.

SO ORDERED this 11th day of February, 2013.

BY THE COURT;

s/ Terrence F. McVerry
United States District Judge

cc:
    Jonathan B. Ortiz, AUSA

    Jamill Denson
    #30108-068
    USP- Hazelton – Camp
    P.O. Box 2000
    Bruceton Mills, WV 26525
    (By First Class Mail)